887 F.2d 1081
 1989-2 Trade Cases 68,752
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
PURITY PRODUCTS, INC., a Maryland Corporation, Plaintiff-Appellant,
v.
KOHLBERG, KRAVIS, ROBERTS & CO., a New York Limited
Partnership; Beatrice Companies, Inc., a Delaware
Corporation; Tropicana Products, Inc., a Delaware
Corporation; Tropicana Products Sales, Inc., a Delaware
Corporation, Defendants-Appellees.
 No. 89-2322.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 24, 1989.
Decided: Sept. 11, 1989.
 
 Lewis A. Noonberg (Eric B. Miller, Leonard L. Gordon, Piper & Marbury; Jeffrey C. Hines, on brief), for appellant.
 David S. Acker (R. Mark McCareins, W. Gordon Dobie, Winston & Strawn; Thomas M. Wilson, III, Fred A. Cohen, Tydings & Rosenberg; Steven B. Gold, General Counsel, Tropicana Products, Inc., on brief), for appellees.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Purity Products, Inc. ("Purity") appeals an order of the district court granting summary judgment in favor of Tropicana Products, Inc. ("Tropicana") and Tropicana Products Sales, Inc., ("Tropicana Sales") in an antitrust action brought by Purity against Tropicana.[1] Finding no error, we affirm.
 
 
 2
 Tropicana is a Delaware corporation with its principal place of business in Bradenton, Florida. It is a nationwide seller of numerous citrus and other juice products, as well as various beverages and drinks. Tropicana Sales is a wholly-owned subsidiary of Tropicana and sells Tropicana brand products to those who resell them either to consumers or to retailers. Purity is a Maryland corporation with its principal place of business in Baltimore County. Purity was formed in 1973 and is a distributor of various food products in the Washington/Baltimore market, as well as in other east coast cities. Purity began doing business with Tropicana in 1976 when it began to purchase "ready-to-serve" orange juice from Tropicana for sales to small grocery stores and restaurants in the Baltimore area. In time, Purity began purchasing virtually every type of product manufactured by Tropicana.
 
 
 3
 Tropicana's sales scheme typically involves a food broker specific to a particular sales territory. That broker assists Tropicana in the selling and distribution of its products to authorized independent wholesale distributors. The wholesale distributors in turn resell Tropicana products to retailers, other wholesalers and other distributors. Retailers may also purchase directly from Tropicana. The only area in which Tropicana does not use a food broker is the New York metropolitan area where in connection with sales of its non-frozen juice products, it uses its own direct sales force under a division of Tropicana Sales known as "Citrus Bowl". Citrus Bowl sells the products directly to large retailers and to certain authorized wholesale distributors, including dairies and routemen, independent businessmen who operate routes in the New York City area delivering to smaller stores and restaurants. There is no independent broker involved in the sales.
 
 
 4
 Tropicana has a long-standing policy of selling only to wholesalers who agree to restrict their sales to retailers located in and who sell the products in the same Neilson geographic market as that to which Tropicana has shipped the products.[2] The policy is defended as a means of quality control over its perishable products and as a means of ensuring that Tropicana will be advised of the promotional performance of its resellers since it allocates varying promotional and advertising allowances to different trade areas to reflect changing competitive conditions in the various regions.
 
 
 5
 Purity was an authorized wholesale distributor until December of 1985 when Tropicana decided to no longer sell its products directly to Purity. The dispute arose over the fact that Purity was selling Tropicana products outside of its selling area, specifically in the Citrus Bowl area, in violation of Tropicana's policy against extraterritorial sales.
 
 
 6
 Maintaining that Tropicana had acted in concert with its territorial brokers, its authorized wholesale resellers and the independent routemen in the New York metropolitan area to unlawfully restrain trade, Purity brought this action charging that Tropicana had violated section 1 of the Shermman Act, 15 U.S.C. Sec. 1, the Maryland Antitrust Act, Md.Code Ann. Sec. 11-204(a)(1) (1983), and committed tortious interference with Purity's business in violation of Maryland law.[3] The district court granted summary judgment in favor of Tropicana and Tropicana Products Sales, Inc. on each of Purity's claims. The court found that Purity failed on its Sherman Act claim because it failed to show that Tropicana's action was a result of concerted activity. The court found that its finding on the federal antitrust claim precluded recovery under the Maryland Antitrust Act and on the tortious interference claim. On appeal, Purity contends that the court erred in finding that there was not sufficient evidence of concerted activity to sustain its antitrust claims and that consequently, it erred in granting summary judgment on the Maryland state claims.
 
 
 7
 Upon consideration of the record, briefs, and oral argument, we find Purity's contentions without merit. The district court's well written and thorough opinion has correctly identified and applied the relevant law. The court's opinion is bolstered by our recent decision in Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, Inc., No. 88-1100 (4th Cir. July 5, 1989) where we upheld a district court's grant of summary judgment, finding that the evidence in an antitrust action did not rise to the level necessary to sustain a finding of concerted activity for a violation of the Sherman Act. We, therefore, affirm the grant of summary judgment in favor of Tropicana for the reasons expressed by this Court in Parkway Gallery Furniture and by the district court. Purity Products, Inc. v. Tropicana Products, Inc. et al., C/A No. H-86-2319 (D.Md. Dec. 13, 1988).
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Also named in the complaint as defendants were Kohlberg, Kravis, Roberts & Co. and Beatrice Companies, Inc. At the time of the alleged antitrust violations, Beatrice owned all of the stock of Tropicana, which in turn owned the stock of Tropicana Products Sales, Inc. Kohlberg, Kravis later acquired Beatrice. Both Kohlberg, Kravis and Beatrice were dismissed as defendants by stipulation of the parties
 
 
 [2]
 The Neilson Company compiles statistical measures of product sales broken down into regions
 
 
 [3]
 In its complaint Purity also asserted claims under section 2 of the Sherman Act, 15 U.S.C. Sec. 2; section 7 of the Clayton Act, 15 U.S.C. Sec. 18; the Racketeering Influenced and Corrupt Organizations Act (RICO), 28 U.S.C. Sec. 1961 et seq.; and Maryland law pertaining to violation of an oral distribution agreement. Those claims were dismissed by the district court and are not germane to this appeal